**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALEN HENRY BEAN,

Plaintiff, Case No.

v. Hon.

JORDAN ACKER, MICHAEL BEHM, MARK BERNSTEIN, PAUL BROWN, SARAH HUBBARD, DENISE ILITCH, CARL MEYERS, and KATHERINE WHITE, *in their official capacities as members of the University of Michigan Board of Regents*, and JON KINSEY and DOES 1-4, *in their personal capacities and official capacities as members of the University of Michigan Residency Appeal Committee*,

Defendants.

---

David A. Nacht (P47034)
NACHTLAW, P.C.
501 Avis Drive, Suite 3
Ann Arbor, MI 48108
(734) 663-7550
dnacht@nachtlaw.com

---

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff Alen Henry Bean ("Plaintiff"), by and through his attorneys, NACHTLAW, P.C., and hereby alleges as follows:

## INTRODUCTION

1. This case concerns the University of Michigan's violation of federal law and the constitutional rights of Alen Henry Bean, a student and dependent child of a U.S. Foreign Service Officer serving overseas. Despite clear federal statutory entitlement and unambiguous documentation of Michigan domicile, Defendants have wrongfully denied Mr. Bean in-state tuition classification, forcing his family to pay over $50,000 per year in excess tuition charges.

2. Mr. Bean's father is a member of the U.S. Foreign Service currently posted abroad on active duty, and his mother served with the U.S. Agency for International Development until that agency was abolished. Both parents have formally designated Michigan as their state of residence on official State Department Form OF-126, listing their permanent and separation address as 1375 Harpst Street, Ann Arbor, Michigan. The family has purchased a home in Ann Arbor, registered vehicles in Michigan, registered to vote and voted in Michigan elections, and paid Michigan state income tax since declaring Michigan residency.

3. The Foreign Service Families Act, codified at 20 U.S.C. § 1015d, mandates that public institutions of higher education grant in-state tuition rates to Foreign Service members, their spouses, and dependents in their state of domicile. This statute took full effect nationwide during the first period of college enrollment beginning after July 1, 2024. Mr. Bean sought in-state residency classification for

the Fall 2024 enrollment period—the first enrollment period following the statute's effective date.

4. Defendants denied Mr. Bean's application and subsequent appeal, providing only a conclusory statement that his application was based on circumstances that are "temporary or indeterminate" without identifying what circumstances were deemed temporary or why his extensive documentation was insufficient. Defendants never explained during the application or appeal process that they believed a variance existed between the address claimed as his parents' permanent residence and the address on their tax returns. The address on the tax returns is a diplomatic post office used by Foreign Service personnel stationed abroad—a fact Mr. Bean was never given an opportunity to clarify.

5. The University of Michigan disclosed this previously unstated rationale only in response to an inquiry from U.S. Representative Debbie Dingell's office, months after exhausting all internal university processes. By that time, Defendants had already extracted over $50,000 in unlawful excess tuition charges and denied Mr. Bean any meaningful opportunity to respond to or rebut the actual basis for their decision.

6. Defendants' actions have deprived Mr. Bean of his federally protected right to in-state tuition, violated his constitutional rights to due process and equal protection, and imposed severe financial hardship on his family at a time when his

mother has lost her employment due to the dissolution of USAID. This lawsuit seeks declaratory and injunctive relief, compensatory damages, and a refund of the excess tuition unlawfully charged to Mr. Bean.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4).

8. The Court has original jurisdiction over Plaintiff's claims because this action arises under the Constitution and laws of the United States, including the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and 20 U.S.C. § 1015d.

9. The Court has original jurisdiction under 28 U.S.C. § 1343(a)(4) to redress the deprivation, under color of state law, of rights secured by the Constitution and by Acts of Congress providing for the protection of civil rights.

10. Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## PARTIES

11. Plaintiff Alen Henry Bean is a student at the University of Michigan, the dependent child of a U.S. Foreign Service Officer currently serving abroad, and a resident of Washtenaw County, Michigan.

12. Defendants Jordan B. Acker, Michael J. Behm, Mark J. Bernstein, Paul W. Brown, Sarah Hubbard, Denise Ilitch, Carl J. Meyers, and Katherine E. White are members of the University of Michigan Board of Regents, the publicly elected governing body of the University of Michigan, and they are sued in their official capacities.

13. Defendants Jon Kinsey and Does 1-4 are members of the University of Michigan Residency Appeal Committee, the committee responsible for reviewing decisions about eligibility for in-state tuition at the University of Michigan, and they are sued in their personal and official capacities. The identities of Does 1-4 are not currently known to Plaintiff but may be obtained in discovery.

## FACTUAL ALLEGATIONS

14. Plaintiff is a student at the University of Michigan who sought classification as an in-state resident for tuition purposes during enrollment in Fall of 2024.

15. Plaintiff's father, Keith Bean, is a member of the U.S. Foreign Service as defined in section 103 of the Foreign Service Act of 1980 and is on active duty with the U.S. Department of State.

16. Plaintiff's mother, Naida Zecevic, was a member of the U.S. Foreign Service serving with the U.S. Agency for International Development ("USAID") until that agency was abolished.

17. Each member of the Foreign Service, upon entry into government service, must designate a U.S. state as their state of residence on Official Form 126 (OF-126).

18. Plaintiff's father declared Michigan as his state of residence on OF-126, effective June 30, 2024, listing the family's permanent address and separation address as 1375 Harpst Street, Ann Arbor, Michigan 48104.

19. Plaintiff's mother also designated Michigan as her state of residence on OF-126, listing 1375 Harpst Street, Ann Arbor, Michigan 48104 as her home leave address and service separation residence.

20. Since declaring Michigan residency, Plaintiff's parents have taken steps to establish and maintain Michigan domicile, including purchasing a home at 1375 Harpst Street in Ann Arbor, Michigan in March 2024, registering a family vehicle in Michigan, registering to vote and voting in Michigan elections, and paying Michigan state income tax since June 30, 2024.

21. Plaintiff's father is currently posted in Astana, Kazakhstan, and his mother was posted in Belgrade, Serbia.

22. Under the Vienna Convention, U.S. diplomats and their families serving overseas are not considered resident in the country to which they are accredited.

23. As a U.S. Foreign Service member, Plaintiff's father is required to serve overseas and all absences from the United States are temporary.

24. The Foreign Service Families Act, codified at 20 U.S.C. § 1015d, mandates that public institutions of higher education must grant in-state tuition rates to Foreign Service members, their spouses, and dependents in their state of domicile.

25. The provisions of 20 U.S.C. § 1015d took full effect nationwide during the first period of college enrollment that began after July 1, 2024.

26. Plaintiff sought in-state residency classification for tuition purposes at the University of Michigan beginning with the Fall 2024 enrollment period, which was the first period of enrollment that began after July 1, 2024.

27. In December 2024, Plaintiff submitted an initial in-state tuition application to the University of Michigan Office of the Registrar.

28. Along with the application, Plaintiff submitted a letter from the American Foreign Service Association ("AFSA"), which explained that federal law mandates in-state tuition for Foreign Service members, spouses, and dependents in their state of domicile.

29. The AFSA letter also explained the operation of the National Defense Authorization Act of 2022 and its application to foreign service officers when considering domicile.

30. On or about May 2, 2025, the University of Michigan requested the following documentation: a copy of Plaintiff's Michigan driver's license, a copy of Plaintiff's mother's Michigan driver's license, a copy of Plaintiff's parents' 2024 federal income tax return, a copy of Plaintiff's parents' 2024 Michigan income tax return, copies of both parents' 2024 W-2s and/or 1099s, copies of both parents' most recent pay stubs, and a copy of Plaintiff's parents' Foreign Service Officers Form OF-126.

31. On or about May 6, 2025, Plaintiff supplied all requested documents except the 2024 federal and Michigan income tax returns, explaining that his parents had not yet filed returns because they live abroad and are able to file until June 15.

32. On May 23, 2025, the University of Michigan informed Plaintiff that his application for in-state tuition had been rejected.

33. The denial stated that the request was denied due to a lack of documentation.

34. In June 2025, Plaintiff appealed the denial to the University of Michigan Residency Appeal Committee.

35. On June 26, 2025, Plaintiff submitted further documentation in support of his appeal, including both parents' Michigan driver's licenses, income tax returns, the U.S. Department of State OF-126 form listing the family's permanent address as

being in Ann Arbor, Michigan, W-2 forms and pay stubs for both parents, and closing papers for his parents' Michigan residence.

36. The documentation submitted on appeal included: a letter from the American Foreign Service Association explaining the National Defense Authorization Act of 2022 and its application to foreign service officers when considering domicile; both parents' Michigan driver's licenses; Plaintiff's parents' 2024 U.S. Federal Income Tax Return and 2024 Michigan Income Tax Return; U.S. Department of State OF-126 forms listing the permanent address and separation address as 1375 Harpst Street, Ann Arbor, Michigan 48104; recently issued separation travel orders for Plaintiff's mother; 2024 W-2 forms for both parents; recent pay stubs for both parents; and copies of the closing papers for Plaintiff's parents' Michigan residence.

37. On August 19, 2025, the University of Michigan denied Plaintiff's appeal, stating that the Appeals Committee had determined his application was based on circumstances that are temporary or indeterminate.

38. The denial further stated that there was no further recourse within the university process.

39. On September 9, 2025, Plaintiff wrote to the office of U.S. Representative Debbie Dingell as a constituent, asking the office to inquire about the

apparent violation of federal law in the University of Michigan's adjudication of his in-state tuition application.

40. Plaintiff followed up three or four times with Representative Dingell's office but was told the office had not received any response from the University of Michigan.

41. On October 29, 2025, Representative Dingell's office wrote to Plaintiff stating that the University of Michigan had indicated that the registered address for property tax and ownership does not reflect Ann Arbor.

42. The University of Michigan's response to Representative Dingell's office implied a variance between the address Plaintiff's family claimed as their permanent residence and the address on their tax returns.

43. The address on Plaintiff's parents' federal and state tax returns is a diplomatic post office, like Army Post Offices, that allows Foreign Service personnel to send and receive mail via the U.S. Postal Service when stationed abroad.

44. The University of Michigan never provided this rationale as the basis for rejecting Plaintiff's application during the application or appeal process, and Plaintiff was therefore unable to refute the claim.

45. Defendants continue to classify Plaintiff as a non-resident for tuition purposes.

46. As a result of this inaccurate residency classification, Plaintiff's family has been forced to pay the difference between in-state and out-of-state tuition, which exceeds $50,000 per year.

47. Plaintiff's mother has lost her employment due to the dissolution of USAID, imposing severe financial hardship on Plaintiff's family.

**COUNT I**

**Violation of 42 U.S.C. § 1983 (Procedural Due Process)**

48. Plaintiff incorporates the preceding paragraphs as if fully restated herein.

49. Plaintiff has a constitutionally protected property interest in receiving in-state tuition as a dependent of a U.S. Foreign Service Officer under 20 U.S.C. § 1015d and under Defendants' published policies, guidelines, and agreements governing tuition classifications and residency determinations.

50. Plaintiff has a constitutionally protected liberty interest in his educational advancement and reputation, which are implicated by Defendants' denial of in-state tuition classification and the resulting financial burden and potential impact on Plaintiff's ability to continue his education.

51. Defendants deprived Plaintiff of these protected interests without constitutionally adequate process.

52. Defendants failed to provide Plaintiff with adequate notice of the basis for the denial of in-state tuition classification, including the specific grounds for rejection and the evidence Defendants relied upon in making their determination.

53. Defendants provided Plaintiff only a conclusory statement that his application was based on circumstances that are temporary or indeterminate, without explaining what circumstances were deemed temporary or indeterminate or why Plaintiff's documentation was insufficient.

54. Defendants failed to inform Plaintiff during the application or appeal process that they believed a variance existed between the address claimed as his parents' permanent residence and the address on tax returns, depriving Plaintiff of an opportunity to explain the diplomatic post office address used by Foreign Service personnel stationed abroad.

55. Defendants failed to provide Plaintiff with a meaningful opportunity to be heard before an impartial and unbiased decisionmaker.

56. The process afforded to Plaintiff did not include an opportunity to present evidence, confront adverse evidence, or receive a written explanation of the factual and legal basis for Defendants' decision.

57. Defendants' actions were taken under color of state law.

58. As a direct and proximate result of Defendants' violation of Plaintiff's procedural due process rights, Plaintiff has suffered damages, including the

assessment and payment of non-resident tuition in excess of resident tuition, which exceeds $50,000 per year.

**COUNT II**
**Violation of 42 U.S.C. § 1983 (Equal Protection)**

59. Plaintiff incorporates the preceding paragraphs as if fully restated herein.

60. The Equal Protection Clause of the Fourteenth Amendment requires that the government not treat similarly situated individuals differently without sufficient justification.

61. Defendants treated Plaintiff differently from similarly situated students, including students whose parents are U.S. government employees serving abroad in other capacities, by denying Plaintiff in-state tuition classification.

62. Service in the Foreign Service of the United States is analogous to service in the armed forces of the United States, with the difference that the majority of one's service takes place in foreign countries.

63. Defendants had no rational basis for treating Plaintiff differently from other students whose parents are U.S. government employees temporarily assigned abroad and who maintain Michigan as their permanent home.

64. Defendants' disparate treatment of Plaintiff was intentional and without sufficient justification.

65. Defendants' actions were taken under color of state law.

66. As a direct and proximate result of Defendants' violation of Plaintiff's equal protection rights, Plaintiff has suffered damages, including the assessment and payment of non-resident tuition in excess of resident tuition, which exceeds $50,000 per year.

## COUNT III
## Violation of 42 U.S.C. § 1983 (20 U.S.C. § 1015d)

67. Plaintiff incorporates the preceding paragraphs as if fully restated herein.

68. Plaintiff's father is a member of the Foreign Service as defined in section 103 of the Foreign Service Act of 1980 and is on active duty for a period of more than 30 days, making him a member of a qualifying Federal service.

69. Plaintiff is a dependent child of a member of a qualifying Federal service.

70. Michigan is a state that receives assistance under the Higher Education Act.

71. Plaintiff's domicile is in Michigan.

72. The University of Michigan is a public institution of higher education in the State of Michigan.

73. The first period of enrollment at the University of Michigan that began after July 1, 2024, was Fall 2024.

74. Defendants charged and continue to charge Plaintiff tuition at a rate greater than the rate charged for residents of Michigan.

75. The statute 20 U.S.C. § 1015d was intended to benefit Plaintiff and students similarly situated to him.

76. The right protected by 20 U.S.C. § 1015d is not vague or amorphous but instead sets forth a clear entitlement to in-state tuition for dependents of qualifying Federal service members in the state of their domicile.

77. The statute 20 U.S.C. § 1015d imposes a binding obligation on the State of Michigan in mandatory terms by prohibiting the state from charging qualifying individuals tuition at a rate greater than the resident rate.

78. Defendants, acting under color of state law, have deprived Plaintiff of rights secured by 20 U.S.C. § 1015d by denying him in-state tuition classification and continuing to charge him non-resident tuition.

79. As a direct and proximate result of Defendants' violation of Plaintiff's rights under 20 U.S.C. § 1015d enforceable through 42 U.S.C. § 1983, Plaintiff has suffered damages, including the assessment and payment of non-resident tuition in excess of resident tuition, which exceeds $50,000 per year.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Honorable Court grant the following remedies:

a. Declare that Defendants' denial of in-state tuition classification to Plaintiff violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and 20 U.S.C. § 1015d;

b. Enjoin Defendants from continuing to classify Plaintiff as a non-resident for tuition purposes and order Defendants to classify Plaintiff as eligible for in-state tuition consistent with 20 U.S.C. § 1015d and other applicable law;

c. Order Defendants to implement Plaintiff's in-state tuition classification going forward and to refund the excess tuition and fees paid by Plaintiff;

d. Award Plaintiff compensatory damages;

e. Award Plaintiff punitive and exemplary damages to the extent permitted by law;

f. Award Plaintiff reasonable attorney's fees, costs, and interest; and

g. Award any such other relief as this Court deems just and proper.

Respectfully submitted,

**NACHTLAW, P.C.**

/s/ David A. Nacht
David A. Nacht (P47034)
*Attorney for Plaintiff*

Dated: September 10, 2026

**DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff Alen Henry Bean, by and through his attorneys, NACHTLAW, P.C., and hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

**NACHTLAW, P.C.**

/s/ David A. Nacht
David A. Nacht (P47034)
*Attorney for Plaintiff*

Dated: September 10, 2026